The Court.—Curtis, J.
It appears, from the case, that the appeal from the order of reference in this action has "been heretofore heard at a general term of this court, that the question whether this action was referable was then passed upon, and the order appealed from affirmed. There appears to be no occasion for the present General Term to review this decision already-made. To do so, except for some sufficient reason shown, would be a departure from the settled practice of the court. If it were a new question not passed upon by the General Term already, an examination of the pleadings and case would lead to the conclusion that the action was properly referred for trial.
The plaintiff objects that the referee erred in the admission and exclusion of oral evidence, and in the admission of the deposition of Wm. Schall. Three of plaintiff’s exceptions are to the admission of defendant’s letters to plaintiff, which plaintiff’s counsel objects to as incompetent and irrelevant. They are competent evidence as a part of the transaction under consideration, and relevant to the question of accounting before the referee. The remaining exceptions of the plaintiff’s counsel to the rulings of the referee in reference to the admission and exclusion of oral testimony, and in reference to the admission of William Schall’s deposition, do not seem to be well taken.
The plaintiff should have presented his objections to the commission, on the ground that some of the interrogatories were not fully answered, by a motion to suppress.
Where difficulties of this kind are not presented until the deposition is being read at the trial, there is less opportunity to give them careful consideration.
*69 The practice of the court does not favor delay in making these objections until the last moment, and when the opposing party may be surprised and prejudiced. The objection to any grievance in irregularity in the depositions taken under commission, especially where it has been executed in a foreign country, and under all the difficulties and embarrassments liable to there occur, should be easily raised, in order that, if substantial, it might be rectified without imposing unnecessary delay. The plaintiff in the present case fails to show any substantial objection to the deposition, and never applied, so far as it appears in the case, to have it suppressed.
The plaintiff excepted to the exclusion of his ledger by the referee, when he offered it in evidence. It does not appear that the entries in it were original entries, or that the book was entitled to be read in evidence.
A party has no right to insist upon having his ledger read in evidence, even if he does testify that it is a correct record of his dealings with his adversary. His complaint in the action may be the same. The law requires the best evidence of the transactions-, and the ledger of a party is not the book which furnishes it, when his books of account are produced.
The defendants were bankers, and as such performed certain acts and services at plaintiff’s request in procuring and supplying foreign exchange for him.
The commissions charged were the usual and proper commissions charged by bankers for such services. There is nothing in the case tending to show that the charges for commissions by defendants were-made with-any corrupt or usurious design. They should be allowed in the accounting, and were so allowed by the referee.
The plaintiff claims that the referee erred in various refusals to find. He claims that he should have found that the plaintiff deposited certain sums of currency with the defendants as plaintiff’s bankers. He makes also many other requests for the reféree to find.
*70 The referee appears to have passed in his findings substantially, on all the matters upon which he was requested, and to have found in accordance with the evidence.
There is evidence that sustains the finding of the referee that the fifty shares of the stock of the Ninth National Bank were deposited with defendants, not only as security for the loan of $2,000, but as security for plaintiff’s general indebtedness.
It was the misfortune of the plaintiff to be a loser in the transaction passed upon before the referee. It seems to have been from no fault of his, but from the enormous advances in the price of gold during the years 1863 and 1864, owing to the disturbed condition of the country. The defendants do not seem to be censurable for any acts of theirs in reference to the plaintiff. They, from the outset, took measures to protect themselves from having to bear losses by any depreciation of currency. They had a right to do this, and they so framed their contracts with the plaintiff, and took steps to keep secured, in all which the plaintiff at the time acquiesced and agreed. In his losses, he shared in the general calamity, and that he was sanguine was no fault of his.
. The decision of the referee should not be disturbed, and the judgment and order appealed from should be affirmed, with costs to abide the event.